IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACEY FERGERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:13-cv-376-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #25), entered on August 11, 2015, and the Petitioner's Objection (Doc. #30).  The court has conducted an independent evaluation and *de novo* review of this case and finds as follows:

In her objections to the Recommendation that her § 2255 motion be denied, Fergerson reasserts her claims that her trial counsel was ineffective for (1) failing to adequately challenge the loss attributed to her for sentencing purposes; (2) failing to investigate her mental health issues; (3) stipulating that there were 10 or more victims of her offense; and (4) failing to raise an ex post facto argument regarding the version of the Sentencing Guidelines used in her case.

**1. Challenge to attributed loss.** As the Recommendation notes, Fergerson's counsel (1) thoroughly cross-examined the Government's witness at her sentencing hearing (IRS Agent Forte); (2) challenged the methodology used by the Government to estimate the percentage of fraudulent returns filed by Fast Tax Cash (the fraudulent tax-prep business Fergerson was involved with); and (3) vigorously challenged the loss attributed to her.

Seventy pages of the 100-page sentencing hearing transcript concern the question of

attributed loss, which was put into issue when Fergerson's counsel objected to the finding in the PSI that Fergerson was accountable for a loss of "at least $3,000,000." Fergerson neither demonstrates that the court's finding regarding loss was erroneous nor identifies a plausible argument or evidence that her trial counsel could have presented that was reasonably likely to change the court's loss determination.

      **2. Investigation of mental health issues.** Notwithstanding Fergerson's mental health history (which was set out in her PSI), the Record does not positively, unequivocally, and clearly generate a legitimate doubt about her competency. Her mental and emotional health had stabilized by the time criminal proceedings were initiated against her. She appeared to fully understand the proceedings against her. And she participated meaningfully in those proceedings.

      Nor does Fergerson demonstrate that she suffered from a mental impairment that prevented her from appreciating the wrongfulness of her conduct or that rendered her unable to control her behavior at the time she committed the offense. The Record reflects that she willfully and knowingly participated in an immense and protracted fraudulent tax refund scheme designed to net her and her conspirators substantial amounts of money.

      **3. Stipulation to 10 or more victims.** As for the number of Fergerson's victims, the testimony of Agent Forte and Fergerson's own admissions in the plea agreement established that the number of her victims exceeded the 10 individuals required for the two-level enhancement in U.S.S.G. § 2B1.1(b)(2)(A). Fergerson does not demonstrate that, had her counsel argued that her offense involved fewer than 10 victims and insisted that the Government be put to the task of proving economic loss by her victims by presenting further evidence and argument concerning the stolen identities and stolen tax refunds of the individuals victimized by her scheme, the outcome of the proceedings would have been different, i.e., that the court would have found that

the two-level enhancement under § 2B1.1(b)(2)(A) did not apply to her offense conduct. Fergerson merely presumes that her victims did not suffer economic loss.

Further, as indicated in the Recommendation, Fergerson's challenge to the number of her victims for purposes of § 2B1.1(b)(2) runs counter to her stipulations in her plea agreement and her conduct admissions when pleading guilty. "There can be but little doubt that the favorable terms of her plea agreement – and perhaps the fact that a plea offer was even made in her case – depended to some degree on her willingness to concede that her offense involved 10 or more victims and therefore warranted a two-level enhancement under § 2B1.1(b)(2)(A). Trial counsel may well have recognized that the plea agreement and the Government's willingness to recommend a sentence reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility depended on Fergerson's full acceptance of responsibility for her actions and her expressions of contrition."

**4. Failure to raise argument regarding ex posto facto violation.** Partly for the above-discussed reasons, Fergerson does not show that her counsel was ineffective for failing to raise an ex post facto argument regarding which version of the Guidelines manual was used, 2011 or 2008. Fergerson's victims could properly be considered as "victims" (who sustained economic loss) for purposes of § 2B1.1(b)(2) under both the 2011 Guidelines (in effect when she was sentenced) and the 2008 Guidelines (in effect when her offense concluded). Consequently, no ex post facto violation resulted from use of the 2011 Guidelines at her sentencing.

Therefore, the court finds the objection of the Petitioner to be without merit, and it is hereby ORDERED as follows:

1.  Petitioner's Objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3.  This 28 U.S.C. § 2255 motion is DENIED, and this case is DISMISSED with prejudice.

DONE this 22nd day of September, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE