IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRACEY FERGERSON,                    )
                                     )
        Petitioner,                  )
                                     )
        v.                           )        Civil Action No. 2:13cv376-WHA
                                     )                   (WO)
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tracey Fergerson has filed a *pro se* pleading (Doc. No. 47) styled as a "Motion

to Reopen 28 U.S.C. [§] 2255 Pursuant [to] Fed.R.Civ.P. 60(b)(6)," by which she

challenges her 2012 conviction and sentence for conspiracy to defraud the United

States with respect to claims, in violation of 18 U.S.C. § 286.  For the reasons

indicated below, Fergerson is not entitled to relief, and her motion should be

dismissed as a successive § 2255 motion filed without the required appellate court

permission.

**I.  DISCUSSION**

In her instant motion, Fergerson argues that this court erred when it denied

without an evidentiary hearing the claim she asserted in her 28 U.S.C. § 2255 motion

filed in May 2013 that her trial counsel was ineffective for failing to raise an Ex Post

Facto Clause argument regarding the version of the Sentencing Guidelines used at

sentencing.  Doc. No. 47 at 3-6.  This court made a merits determination on that claim and found Fergerson was entitled to no relief on her claim of ineffective assistance of counsel.  *See* Doc. No. 25 at 14-18.

Fergerson seeks relief through the vehicle of Fed.R.Civ.P. 60(b)(6).[1]  "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case."  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court.  *See* Fed.R.Civ.P.  Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case.  *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th  Cir. 1998).

When a *pro se* inmate brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.  *See Williams*, 510 F.3d at 1293-95.

---

[1]Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case.  Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged , is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

If construed as a second or successive motion, the district court lacks subject matter jurisdiction as to the merits of any claims presented in the motion. *Id.* at 1295. In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the United States Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[2] If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly. *Id.*; *see also Williams*, 510 F.3d at 1293-94. By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals that is ordinarily required for a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 538.

---

[2]*Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 Fed. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 Fed. App'x 849 (11th Cir. 2005).

3

It is readily apparent that Fergerson's instant motion—by seeking to relitigate her claim of ineffective assistance of counsel—attacks this court's merits resolution of a claim presented in her original § 2255 motion and does not point to or establish a defect in the integrity of this court's judgment denying the original § 2255 motion. Because Fergerson seeks to relitigate the merits resolution of a claim raised and decided in her original § 2255 motion, this court must construe her self-styled "Rule 60 motion" as a second or successive § 2255 motion. *See Gonzalez*, 545 U.S. at 531-32.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The record contains no indication that Fergerson has received certification from

4

the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, because Fergerson's instant motion constitutes a successive motion for relief under 28 U.S.C. § 2255, this court lacks the jurisdiction to consider the motion, and the motion should be dismissed on this ground.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Fergerson's motion (Doc. No. 47) be dismissed, because the motion constitutes a successive motion for relief under 28 U.S.C. § 2255 and Fergerson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 3, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities,* Inc., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)..

DONE this 20th day of March, 2017.


 /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE